## Hawkins, &c. *vs.* Commonwealth.

### ERROR TO ESTILL CIRCUIT.

Case 6.

1. A sheriff or other officer authorized to execute process in criminal cases, may lawfully break open the doors of a house where the person dwells, whom he is required to arrest. And any one opposing the officer in executing the process will make himself guilty of the offense charged against the person sought to be arrested, although the person was not in the house.

HAWKINS, &c.
vs.
COMMONWEALTH

2. The right of an officer to break open outer doors to make an arrest, includes the right to break inner doors, that a thorough search may be made, and though the defendant be not found, nor shown to have been in the house, yet, if the process be valid, the officer is justified, and it would be unlawful to obstruct the officer in his search. (6 *Gwillim Ed. Bacon*, 6 *Ed.*, *page* 171.)

3. But an officer having process in a civil case, may not break open the outer door of the defendant, without first requiring it to be opened, and disclosing the purpose.

4. It is not necessary that the dwelling house, entered and searched, be the property of the defendant—the officer is justified if it be a house in which the defendant dwelt at the time. (*Revised Statutes, chap.* 91, *art.* 1, *sec.* 33, *page* 617.)

5. A sheriff may not break the house of a third person to arrest a criminal who does not dwell in that house, unless the person to be arrested be actually in the house at the time of the entrance; and if permission be given by the owner to enter the house, such consent may be withdrawn at any time, and the officer obstructed, if the defendant be not and do not dwell in the house.

June 10.          Chief Justice HISE delivered the opinion of the court.

1. A sheriff or other officer authorized to execute process in criminal cases, may lawfully break open the doors of a house where the person dwells, whom he is required to arrest; and any one opposing the officer in executing the process will make himself guilty of the offense charged against the person sought to be arrested, although the person was not in the house.

2. The right of an officer to break open outer doors to make an arrest, includes the right to break inner doors, that a thorough search may be made; and though the

A sheriff, or other officer authorized to execute criminal process, may lawfully break open the door of the house wherein the person dwells, whose personal arrest is directed by the writ, and enter and search the dwelling to find the offender; and if hindered or obstructed by other persons in his attempt to make such entrance and search, they would be guilty of the offense for which the defendants in this case have been indicted, although, at the time of such attempted entry and search and obstruction, the accused party may not have been in the dwelling, and though, therefore, such entry and search may not have been necessary to make the arrest.

The right to break open the outer door to make the entrance, of course includes the right to break open the doors of the different rooms and chambers in the house to make a thorough search throughout the premises; and though the defendant in the process be not found, or shown to be in the place of his dwelling at the time, yet such entrance and search of the officer, having valid criminal process in his hands, would not therefore be unlawful, or make him a trespasser; but to obstruct the officer in such case would be unlawful, and the parties making the obstruction would subject themselves therefor to indictment and

punishment, according to law. See 6 *volume of Bacon's Abridgement, the first American, from the 6th London Edition, by Henry Gwillim, page* 171.

It is true, that with *civil,* instead of criminal process in his hands, whether the state or a private person be the plaintiff in the writ, and though it authorize the arrest of the defendant, the sheriff cannot break open the outer door of his dwelling without first having requested the door to be opened, and at the same time disclosing the purpose of his request; but the rule is different with regard to criminal or penal process, requiring the capture and arrest of the alleged offender. The fact that the house entered and searched is at the time the place of the dwelling of the defendant in the writ, gives sufficient warrant to the sheriff, though it be not known to him certainly whether the offender be or not then in the house, or be found therein, and the law does not require that the officer should first signify his business and demand admission before entering and searching; for such disclosure of his purpose, and demand of entrance, would in many cases defeat the very object in view, by giving the offender notice of his danger, and an opportunity of effecting his escape.

It is not necessary, for the sheriff's justification, that the dwelling house entered and searched should be the property of the defendant; it is sufficient if it be a house, though belonging to and inhabited by another, in which the accused party dwelt at the time. See *Bacon, supra,* and also, 33 *sec. and* 1*st art. of chap.* 91, *page* 617, *Revised Statutes,* by which it is provided, that "in executing penal or criminal process, requiring an actual arrest, the sheriff or other officer may break open the *outer,* or any other door of the *dwelling,* or any other house of the defendant." By the *dwelling* of the defendant is meant the house inhabited by him, the one in which he dwells, and though owned and also inhabited by another, or several others at the same time, it is nevertheless the dwelling of the defendant, or the house in which he

defendant be not found, nor shown to have been in the house, yet, if the process be valid, the officer is justified, and it would be unlawful to obstruct the officer in his search. (6 *Gwillim Ed. Bacon,* 6 *Ed., p.* 171.)

3. But an officer having process in a civil case, may not break open the outer door of the defendant, without first requiring it to be opened, and disclosing the purpose.

4. It is not necessary that the dwelling house entered and searched be the property of the defendant—the officer is justified if it be a house in which the defendant dwelt at the time. (*Rev. Stat., chap.* 91, *art.* 1, *sec.* 33, *page* 617.)

HAWKINS, &c.
vs.
COMMONWEALTH

dwells; and to assume that this law limited the officer's right to break, enter, and search with penal and criminal process in his hands to be executed, to a house in which the criminal or offender *exclusively* dwelt or which belonged to him alone, would be giving to the law a construction much too narrow and limited, because thereby, criminals and offenders who owned not the house they inhabited, but dwelt in a house of another, and at the same time inhabited by others, would thus be furnished with more facilities for escape, and more opportunities to avoid an arrest, than others owning or exclusively inhabiting the dwelling which they occupied, which would be contrary to the policy of the law, and not in accordance with its spirit and purpose, to-wit, the apprehension and punishment of all persons guilty of misdemeanors and felonies. The first instruction to the jury, which the circuit court gave at the instance of the prosecuting attorney, being in accordance with this view of the law, is not erroneous, because it is unnecessarily qualified and restricted by the words, "if they (sheriff and posse) had reason to believe he (the defendant in the writ) was in the said house," the instruction would have been good without this qualification, which made it less favorable to the commonwealth than it might have been, and was not at all prejudicial to the parties indicted for obstructing the officer, and those called to aid him in executing the criminal process then in his hands, against James Smith. It is true, that by the proof it appears that King and Smith both dwelt in the same house attempted to be searched, and, though the house may have belonged to King, yet it was in the true sense of the law a *dwelling*, and as Smith with his family lived there, it was their dwelling for the time being, and the sheriff had a right, without notice to the inmates or demand for admission, to enter and search it to apprehend Smith. The third instruction given for the commonwealth is general in its terms, and not inconsistent with the law of the case.

The first instruction asked by defendants was refused, and rightly, because by it the court was required to tell the jury that the process in the sheriff's hands did not authorize him or his posse to search the house of King at all, which, if given, would have denied to the sheriff the right to enter and search King's house with *valid* criminal process against Smith, requiring his arrest, although Smith dwelt in that house, and might have been in the house at the time when the search was offered to be made.

The second instruction demanded by defendants to the indictment, ought to have been, as it was, refused, because it denied the right of the sheriff to search the house of King, and in which Smith, the party to be arrested dwelt, unless he was actually in the house at the time, which is not the law as understood and now ruled by this court.

But the circuit judge erred in giving the second instruction to the jury, at the instance of the attorney for the state; by it the jury are in substance told, that if the defendants in the lower court agreed and consented that the sheriff and his posse might search their dwelling houses, respectively, (in neither of which did Smith *reside*,) that then the defendants should be found guilty, if from the proof they believed they afterwards willfully obstructed them whilst making the search. This instruction cannot be sustained because it is not in accordance with the common law, or the law of this state above referred to, on page 617 of the Revised Statutes, which is believed to be in conformity with the former, and by which it is provided that the dwelling, or any house of any *other* person, may be broken open, entered, and searched by the sheriff only, when and "if it be necessary to enable him to make the arrest." So that a sheriff, even with criminal or penal process, requiring an actual arrest, cannot break the outer and inner doors to enter and search the dwelling houses of other persons, unless the person to be arrested be actually in the house at the time of the entrance, so as to create a necessity to make

5. A sheriff may not break the house of a third person to arrest a criminal who does not dwell in that house, unless the person to be arrested be actually in the house at the time of the entrance; and if permission be given by the owner to enter the house, such consent may be withdrawn at any time, and the officer obstructed, if the defendant be not and do not dwell in the house.

such entrance to effect the arrest; and even though the defendants may have resisted or obstructed the search of their houses, after their consent had been given to it, and which they might withdraw at any time, it would not make them guilty of unlawfully obstructing the execution of the process held by the sheriff, unless the offender, Smith, was in the house at the time the search therein was obstructed, for except in such case the sheriff might not lawfully enter and search their houses, without their consent, nor continue that search, if permitted, any longer than until such consent should be withdrawn; and unless the criminal was in the house, the dweller therein would have the right to require the sheriff to discontinue his search, and to leave the premises. And inasmuch as a portion of the evidence has direct reference to the obstructions offered by the defendants to the sheriff and his posse, in their own dwelling houses, when the offender, Smith, was not therein, but elsewhere, according to the proof; and inasmuch as the said second instruction may have misled the jury, the judgment is reversed, and cause remanded for a new trial in conformity with the principles of this opinion.

TURNER for plaintiffs; HARLAN, *Attorney General*, for Commonwealth.